**Luisa SOTO RIVERA, et al., Plaintiffs,**

v.

**Dominisa SANTIAGO GUADARRAMA, et al., Defendants.**

**Civil No. 98–1061(JP).**

United States District Court, D. Puerto Rico.

July 23, 1998.

Michael Trías Fraticelli, Hato Rey, PR, for Plaintiffs.

Gloria Robinson–Guarch, Department of Justice of PR, San Juan, PR, for Defendants.

## OPINION ORDER

PIERAS, District Judge.

Plaintiffs filed this action alleging that Defendants, various employees of the Commonwealth of Puerto Rico, illegally discriminated against coplaintiff Luisa Soto Rivera ("Soto") based on her political affiliation. Soto filed Plaintiffs' original complaint *pro se*, and because her pleading understandably failed to adequately convey her claim, the Court ordered her to obtain legal counsel. Upon counsel's appearance, the Court ordered Plaintiffs to file an amended complaint, which, after some delay, Plaintiffs did. The Court noted its disappointment with Plaintiffs' Amended Complaint in a June 2 Order directing Plaintiffs to file an [Initial Scheduling Conference] memorandum "explaining in detail each cause of action ... the legal (statutory and/or constitutional) basis for each cause of action, the facts they intend to prove in order to make out a *prima facie* case for each separate cause of action, and the evidence they intend to proffer in order to make that proof." In that June 2 Order, the Court further ordered Plaintiffs to file yet another amended complaint, "free from typos and grammatical errors, that state[s] separately each cause of action, which Plaintiffs are utilizing it against which Defendants, its legal basis, and the facts giving rise to it." The Court expressly stated that "failure to adequately clarify the Complaint" would result in dismissal of any claims not presented in accordance with the June 2 Order. On June 11, Plaintiffs filed their Second Amended Complaint. On June 23, 1998, the Court met with the parties for the Initial Scheduling Conference. Plaintiffs' attorney did not show up, instead sending his partner, who knew nothing of the facts of the case, essentially rendering the ISC a useless endeavor. In light of Plaintiffs' attorney not showing up, the Court refused to hold a scheduling conference and postponed the ISC pending the outcome of Defendants' prospective Motion to Dismiss, which is now before the Court.

Defendants contend (1) that any claims brought by Plaintiffs under 42 U.S.C. § 1983

against Defendants in their official capacity must be dismissed as violative of the Eleventh Amendment; (2) that Plaintiffs have failed to state a claim under 42 U.S.C. § 1983 for which relief may be granted; (3) that Plaintiffs have failed to state a claim of conspiracy under 42 U.S.C. § 1985 for which relief may be granted; and (4) that Soto's coplaintiffs lack standing to sue under § 1983.

 The Court will start with the easy issues. First, Plaintiffs agree, as they must, that they may not bring any claims against the Commonwealth of Puerto Rico under § 1983, because neither the United States Congress nor the legislature of Puerto Rico has waived Puerto Rico's immunity from suit in federal court for the purposes of § 1983. *See* U.S. Const. amend. XI ("The judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States …") and *Culebras Enterprises Corp. v. Rivera Rios,* 813 F.2d 506 (1st Cir.1987) (Eleventh Amendment protection extends to Puerto Rico, and Puerto Rico has not waived that immunity). *See also Hafer v. Melo,* 502 U.S. 21, 25, 112 S.Ct. 358, 116 L.Ed.2d 301 (1991) ("Suits against state officials in their official capacity should be treated as suits against the State"). Therefore, all claims against Defendants in their official capacity are hereby **DISMISSED WITH PREJUDICE.**

Second, Plaintiffs agree, as they must, that Soto's coplaintiffs are not suing under § 1983, but have joined the case invoking the Court's supplemental jurisdiction.

 Third, the Court turns to Plaintiffs' conspiracy claim under § 1985. As a general rule, plaintiffs asserting a violation of § 1985(3)[1] "must allege the existence of:

(1) a conspiracy, (2) a conspiratorial purpose to deprive a person or class of persons, directly or indirectly, of the equal protection of the laws or of equal privileges and immunities under the laws, (3) an overt act in furtherance of the conspiracy,

and (4) either (a) an injury to person or property, or (b) a deprivation of a constitutionally protected right or privilege."

*Aulson v. Blanchard,* 83 F.3d 1, 3 (1st Cir. 1996). With respect to their conspiracy claim, Plaintiffs' Second Amended Complaint violates the Court's express order to clarify the complaint and to include the facts giving rise to each of Plaintiffs' causes of action. Given the Court's order, the Court will apply the pleading requirements of *Aulson* strictly; Plaintiffs' Second Amended Complaint fails to make the grade. The allegations are simply too general. Plaintiffs fail to explain which Defendants did what to Soto. Mere recitation of terms like "discrimination," "harassment," "hostile environment," and "persecution" are not sufficient to inform either the Court or Defendants what Plaintiffs are alleging they did wrong. *Cf. Rodriguez v. Doral Mtg. Corp.,* 57 F.3d 1168, 1171 (1st Cir.1995) (defendants have an "inalienable right to know in advance the nature of the cause of action being asserted against them"). Plaintiffs' other, slightly-less-boilerplate allegations—that defendants "obstructed" [Soto] from being able to perform her duties as principal and sabotaged her work [and] prevented her from attending meetings, made false allegations about her competence and honesty and conspired with the teachers Federation to instill animosity against her by parents and students … because defendants were either 'Populares' or 'Independentistas' "—are likewise unhelpful." The Court's order was designed to prevent exactly such general statements. What Plaintiffs have failed to explain are the real facts—which Defendants did what to sabotage Soto's work and which Defendants did what to prevent Soto from attending meetings? More specifically, the Second Amended Complaint fails to specify any overt act in furtherance of the alleged conspiracy. For that reason, and because the Second Amended Complaint fails to comply with the Court's order, the Court hereby **DISMISSES** Plaintiffs' claim under 42 U.S.C.

---

1. Although they have failed to specify, the Court assumes Plaintiffs' § 1985 claim comes under subsection 3.

§ 1985(3) **WITH PREJUDICE.**[2]

■ Finally, the Court turns to Plaintiffs' § 1983 claim of political discrimination. Again, the Second Amended Complaint fails to comply with the Court's order, and it also fails to meet the heightened pleading requirement established by the United States Court of Appeals for the First Circuit in civil rights cases. *See Fleming v. Lind–Waldock & Co.*, 922 F.2d 20, 23–24 (1st Cir.1990); *Correa–Martinez v. Arrillaga–Belendez*, 903 F.2d 49, 52–53 (1st Cir.1990). As noted above, the allegations simply fail to state what each Defendant did to violate Soto's First Amendment rights. They are therefore insufficient under the pleading requirements for civil rights cases such as this one and, likewise, violate the Court's order to clarify.

In their motion, Defendants correctly pointed out that *Leatherman v. Tarrant Co. Narcotics Intelligence and Coordination Unit*, 507 U.S. 163, 113 S.Ct. 1160, 122 L.Ed.2d 517 (1993) held that courts could not establish elevated pleading requirements for § 1983 cases against municipalities. But courts have been reluctant to extend its holding beyond municipal liability cases. *E.g., Breidenbach v. Bolish*, 126 F.3d 1288, 1292 n. 2 (10th Cir.1997). *Cf. Feliciano v. DuBois*, 846 F.Supp. 1033, 1042 (D.Mass.1994) (discussing possible ramifications of *Leatherman* on First Circuit precedent). Even more so where, as here, the Court provided Plaintiff with ample opportunity and express orders to provide specific factual allegations, the Court finds *Leatherman* inapplicable. *See Feliciano*, 846 F.Supp. at 1042–43 (*Leatherman* "probably should not be construed as precluding a court from making an early case management order requiring that, in some

form of written submission to the court (an amended complaint being only an allowable form and not a required form), the plaintiff clarify ambiguous claims to enable opposing parties and the court to evaluate jurisdictional and other potentially dispositive issues.") Therefore, because Plaintiffs' Second Amended Complaint failed to comply with the Court's order for clarification, the Court hereby **DISMISSES** Plaintiffs' claim under § 1983 **WITH PREJUDICE.**[3]

A review of the allegations in the Complaint reveals that the mistreatment Soto allegedly suffered was not about political discrimination. If Plaintiffs' allegations are indeed true, a question about which the Court expresses no opinion, the actions directed against Soto stemmed from her decision to report two other teachers, who obviously had numerous allies, for acts unbecoming a teacher. The Complaint also makes clear that the primary acting force behind any mistreatment of Soto was the Teachers Federation, which is not a party to this case (and which could not be sued in this Court) Although these conclusions play no part in the Court's decision to dismiss Plaintiffs' federal claims, they explain Plaintiffs' inability to level specific facts in support of her political discrimination claims.

The Court has dismissed each of Plaintiffs' federal claims. The Court refuses to accept supplemental jurisdiction over Plaintiffs' claims under Puerto Rico law. For the reasons stated herein, the Court hereby **DISMISSES PLAINTIFFS' FEDERAL CLAIMS WITH PREJUDICE AND DISMISSES PLAINTIFFS' SUPPLEMENTAL CLAIMS WITHOUT PREJUDICE.**

**2.** It is unclear whether classifications based on political affiliation are sufficiently invidious, as required by *Griffin v. Breckenridge*, 403 U.S. 88, 102, 91 S.Ct. 1790, 29 L.Ed.2d 338 (1971), to warrant liability under § 1985(3). *See Aulson v. Blanchard*, 83 F.3d 1, 3 (1st Cir.1996); *Davila Aleman v. Feliciano Melecio*, 992 F.Supp. 91, 102 n. 14 (D.Puerto Rico 1997) (J. Pieras). As the issue is complicated and as the Court bases its decision on other grounds, the Court will not reach the issue. *See Davila Aleman*, 992 F.Supp. at 103 n. 14.

**3.** The Court also rests this Order dismissing Plaintiffs' claims on Plaintiffs' failure to come to the Initial Scheduling Conference "prepared to explain, in detail, each cause of action, ... the facts they intend to prove in order to make out a *prima facie* case for each separate cause of action, and the evidence they intend to proffer in order to make that proof." Had Plaintiffs at least complied with that order and come to the ISC with a full explanation of the facts, the Court and Defendants would not be required to rely on the Complaint. But because Plaintiffs have, at every turn, refused to let anyone know what the facts are, the Court finds dismissal justified.

IT IS SO ORDERED, ADJUDGED, AND DECREED.